## GRIFFIN *vs.* SKETOE.

A verdict and judgment was obtained at common law for the defendant, in a statutory form of action, for a lot of land. The Statute of Limitations having been relied on and supported in the trial by a deed antedated eight years, without which the recovery could not have been had, one of the witnesses to the deed swearing that the deed was made at its apparent date. A bill was filed by the plaintiff to restrain the defendant from using such judgment, so fraudulently obtained, as a bar to a subsequent action for the same lot : *Held,*

1. That it was not necessary to allege in the bill or prove that the witness swearing falsely had been prosecuted to conviction for perjury, under the provision of *8th sec. 8th div. Penal Code ;* that the case did not fall within its provision, nor was affected by it.

2. That although the bill showed that defendant had been in actual possession of a part of the lot more than seven years before the commencement of the suit, still, the verdict on the entire lot could not be maintained without the deed.

3. That a Court of Equity will grant relief against a judgment obtained by fraud, as the judgment in this case was.

4. In matters of fraud the party agrieved has a right to go into either a Court of Equity or Law for relief, and having gone into Equity, he cannot be sent back to a Court of Law, although his remedy there might be equally adequate.

5. Injunction is a proper remedy to stay waste in cutting down and selling from the lot the valuable timber thereof.

In Equity, in Jones Superior Court.    Decision on Demurrer by Judge HARRIS, at April Term, 1860.

This was a bill in equity by Eli S. Griffin, administrator of Abraham Williams, deceased, against Garry Sketoe, and its object was to remove certain legal impediments to the prosecution of an action of ejectment pending at law by complainant against defendant.

The bill states, in substance, that complainant's intestate, in his lifetime, brought suit against defendant for the lot of land in controversy ; that the action was under the statutory form prescribed by the Act of 1847, and upon the trial there was a verdict for defendant ; that afterwards, intestate again commenced his fictitious action of ejectment against defendant for the same land, and before trial, departed this life, and

that complainant, as his administrator, has been made a party thereto; that to this action of ejectment defendant has pleaded former recovery, and complainant is advised that said plea, under the decisions and adjudications of the Supreme Court of this State, is a bar to complainant's right to recover in the pending suit.

The bill further alleges, that the verdict in said first action, in favor of defendant, was obtained by the false swearing and perjury of a witness, who testified on said former trial that the deed upon which defendant relied as color of title, was executed at the time it purported to be dated, to-wit: in 1842, when, in fact, said deed was executed in 1849, and was thus falsely and fraudulently ante-dated to sustain defendant's plea of the Statute of Limitations, pleaded in said case, and by reason of which he succeeded in defeating the claim of complainant's intestate, and obtained a verdict, and which he now pleads in bar of the pending action; that these facts have come to the knowledge of complainant and his counsel since the trial of the former action, at which time they were ignorant of the same, but which they could now prove and establish, if they were permitted to do so, but which complainant is advised he would not be allowed to do, or even if proved, would not, under the strict rules of law, be sufficient to overcome defendant's plea of former recovery.

The bill prays that the verdict and judgment in the former action be set aside and annulled as having been obtained by fraud and perjury, or that this Court order and decree, that notwithstanding said verdict and judgment, complainant, on the trial of the action of ejectment, be permitted and allowed to prove the facts above stated in reference to said deed, and that he shall not be precluded and prevented from so doing by reason of said verdict and judgment. There was also a prayer for an injunction to restrain defendant from cutting timber and committing waste upon the premises pending the action at law.

To this bill defendant demurred, upon the grounds—

1st. That there was no equity in the bill.

2d. Because complainant does not allege in his bill that defendant did not rely or recover on some other title than the deed, charged to be fraudulent.

3d. Because complainant does not allege in said bill that he has prosecuted and convicted the witness referred to of

perjury, and by whose false and fraudulent testimony said verdict was obtained.

After argument the Court sustained the demurrer and dismissed the bill.   To which ruling and decision counsel for complainant excepted.

JOHN RUTHERFORD, for plaintiff in error.

KENAN & DEGRAFFENREID, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

This bill is filed for two purposes :

1st. To be relieved from the effect of a judgment heretofore rendered between the same parties, for the same lot of land, on the ground that the judgment was obtained by fraud.

2d. To restrain the defendant from committing waste on the lot in controversy, by cutting and removing timber therefrom.

The defendant demurs to the bill on three grounds, which we will dispose of in the inverse order to that stated in the demurrer.

1. Was it necessary to allege in the bill that the witness, who is charged to have sworn falsely on the former trial, when the verdict was had which is complained of, had been convicted of perjury, before the relief prayed for could be granted, so far as to set aside that judgment?   The *8th sec., 8th div. of the Penal Code, Cobb,* 804, provides, that a "judgment obtained by perjury shall, on motion, be set aside, if the person charged with such perjury shall have been duly convicted ; and it shall also appear that such judgment could not have been obtained without the evidence of such person." It is stated in the bill that Pitman, who was a subscribing witness, as a Justice of the Peace, to the deed on which defendant relied, did, on the trial when the verdict complained of was had, falsely swear that the deed was executed on the day it bore date.   That, however, is but one circumstance in the chain of events which constitutes the fraud to be relieved against.   The verdict itself might, and, in all probability, would have been obtained, whether this witness was sworn or not.   The execution of the deed to which this testimony went might have been otherwise proven ; in fact, the deed had

been admitted to record; it could have been read in evidence without further proof. That deed and the proof of seven years possession of the lot named in it secured the verdict. What use, then, for a conviction of the witness? How would the complainant be benefited by such conviction? The bill is not filed on that idea, but for relief on the ground that the verdict was obtained by the fraudulent conduct of the defendant in procuring and putting in evidence a deed to himself for the land, purporting to be made in 1841, when, in fact, it was not made until 1849, and without which the verdict could not have been obtained. Therefore, the case does not fall within the provisions of that section of the Penal Code, nor is it controlled or affected thereby.

The second ground of demurrer, that is, "that the bill does not show that the defendant does not recover on some other title paper than the deed set forth in complainant's bill as fraudulent," is not supported by the fact. On the contrary, we find that fact very fully and sufficiently stated in the following extract: "It was alone by virtue of said pretended deed, and the fraudulent use made of it in said first suit, that Sketoe obtained his verdict; indeed, Sketoe could not have recovered, without color of title, running with the seven years possession, at least, as to the land not in actual occupancy, which constitutes four-fifths of the lot, and that said pretended deed was the only writing or species of paper title relied on in said trial."

Was there equity in the bill? It is argued that there was not.

1. Because the allegations in the bill show that defendant was in the actual possession of the lot more than seven years before the commencement of the suit in which the verdict was obtained, and that, therefore, the verdict ought to have been for the defendant, independently of the proof made by the deed; that is, if the deed had not been put in evidence at all, still the verdict ought to have been for the defendant. That this possession vested in the defendant a complete statutory title, paramount to the paper title of the plaintiff. If the verdict had been for the defendant, as to such part of the lot only as he had held in actual occupancy under claim of right, (if such was the fact,) for seven years previously to the institution of the suit, then there would have been something in this position of counsel; but such was not the fact.

2. The issue involved in that trial was the title to the whole lot. The possessory title of defendant went to a part only of the lot. It could be set up and maintained only to the extent of the possession, not one foot beyond. *Conyers vs. Kennan,* 4 *Ga.,* 314 ; *Royal vs. Lisle,* 15 *Ga.,* 545 ; *Morrison vs. Hays,* 19 *Ga.,* 249. The verdict was a general one for defendant; extending to the entire lot ; and it is now relied on as a bar to the recovery of every part of the lot by the plaintiff. Such verdict could not have been had without the deed, and it therefore depends upon the deed.

3. It is furthermore urged that the complainant had an adequate common law remedy, which he must avail himself of before he can be heard in this Court.

Is this so ? The facts are, that complainant's intestate commenced suit at the October Term, 1850, of Jones Superior Court, for the recovery of lot of land No. 43, in the 6th district of that county, against one, whom he supposed to be a mere squatter. In March, 1851, while that suit was pending, the defendant put on record a deed, purporting to have been made in 1841, from one John Smith, a person who seems to have no connection with the title whatever, to himself. That deed was not made until 1849. On the trial, defendant pleads and proves seven years possession of the land under color and claim of title, which is evidenced by the deed. Whatever suspicions the plaintiff may have had as to the *bona fides* of that deed, from the fact that it was dated in 1841, and not recorded until 1851, as well as the source from which it originated, were lulled to sleep, and overcome by the oath of Pitman, the Justice of the Peace, who was a witness to the deed ; that the deed was made at the time it purported. Upon this proof, a recovery was had for the defendant. The plaintiff acting on the idea that was prevalent with the profession, that a judgment on the statutory form of action for land, like that of ejectment, was no bar to a second action, instituted a second suit for the premises. Pending this last suit, the question was definitively settled, that a recovery, under the statutory form of action for land, constituted a complete bar to any other action between the same parties for the same premises. *Sims vs. Smith,* 19 *Ga.,* 125. The defendant, to avail himself of the adjudication, plead his judgment in bar of the last suit. A judgment obtained by the most false and fraudulent, if not *criminal* practice, in

which truth and justice were circumvented, and the Court of law made to speak a falsehood! By that judgment, nevertheless, the complaint is absolutely bound so long as it remains a judgment. He cannot impeach it collaterally on the trial of the case at law, even for the fraud. 1 *Phil. on Ev.*, 346 ; *Prudham vs. Phillips, Ambler*, 763. Shall the defendant be allowed to avail himself of this advantage thus wrongfully obtained ?

3. That a Court of Equity can grant the relief is very clear, for in matters of fraud, Courts of equity and of law have concurrent jurisdiction. Lord Redesdale in *Bateman vs. Willoe*, 1 *Sch. & Le.*, 205, says, " When a verdict has been obtained by fraud, or whenever a party has possessed himself improperly of something, by means of which he has an unconscientious advantage, equity will either put it out of the way or restrain the party from using it." And that it is just what this complainant asks for in this case. Counsel for defendant does not controvert this principle. His position is, that the Court of law, in which the judgment complained of was obtained, has jurisdiction of the question and can give the desired relief, by reversing or vacating the judgment for fraud in a proceeding instituted for that purpose, that *that* is the Court in which the complainant *must* seek redress.

4. That position is not maintainable, for whenever Courts of law and equity have concurrent jurisdiction of a question, as in this case, that Court, which first gets hold of the case, will retain it. It is at the option of the party aggrieved to go into a Court of equity or law. This party has come into a Court of equity. It was his right to do so, and we can not turn him away. *Smith vs. Gettinger*, 3 *Kelly*, 145. And we hold that adjudication to be conclusive on this Court. If other authority was necessary to support this bill we have it. Lord Hardwicke in *Barnesley vs. Powell*, 1 *Ves. Sr.*, 288, discussing a similar, if not the identical question, says, " though this Court cannot set aside a judgment of a common law Court obtained against conscience, yet it will decree the party to acknowledge satisfaction on that judgment though he has received nothing, because obtained when nothing was due, so it cannot set aside a fine for being obtained by fraud and imposition, as the Court of C. B. to a certain extent, and with certain restrictions may. Yet on a conveyance so obtained, *this Court never sent the plaintiff to C. B. to set it.*

*aside*, but considers the person so obtaining the estate even by fine, as a trustee, and decrees him to reconvey on the general ground of laying hold of the ill conscience of the party, to make him do what is necessary to restore matters as before." So we think there was equity in the bill.

5. The complainant was entitled to the injunction prayed for in his bill, to stay the waste of defendant in cutting down and selling from the lot the valuable timber thereof. *Smith* *vs. the City of Rome*, and authorities cited.

The judgment of the Court below dismissing the bill on demurrer must be reversed.

Judgment reversed.