## NEAL *et al.* v. BOYKIN.

1. The judgment of a court of ordinary, appointing an administrator on the estate of a decedent, who was a non-resident of this State and died in Florida, may be vacated in a proper proceeding in equity, instituted for the purpose of setting aside such judgment, on the ground that the party obtaining the same falsely and fraudulently represented to the court that the decedent had assets within the county where the application was made.

2. It is alleged in the petition, that, at the time of the application for letters of administration in DeKalb county, there was no portion of the estate of the non-resident decedent in the county where the application was made, except a certain promissory note, the maker of which resided in a different county; that this note had been brought into DeKalb county subsequently to the death of the decedent, for the purpose of conferring improperly a colorable probate jurisdiction upon the court of ordinary of DeKalb county, and that the applicant was guilty of fraud when he represented to the court that some portion of the estate of the decedent was located in that county. *Held*, that the said note was not bona notabilia in DeKalb county, and that the petition sufficiently alleged that the judgment granting the letters of administration was procured by fraud.

3. The heirs and creditors of the decedent, who had no knowledge that the application for letters of administration was pending, were proper parties to institute and maintain an equitable proceeding to set aside or vacate the judgment appointing the administrator. The temporary administrator has no power or authority to institute and maintain such an action.

4. The petition set forth a good cause of action, and it was error for the court to sustain a general demurrer thereto.

Argued May 29,—Decided December 21, 1907.

Equitable petition. Before Judge Roan. DeKalb superior court. September 27, 1906.

John Neal, Hiram Neal, Welborn Neal and W. W. Beall, as heirs at law of McCormick Neal, deceased, and Bull and Alexander, as creditors of the decedent, filed an equitable petition to the superior court of DeKalb county, against Boykin, seeking to set aside or vacate a judgment of the court of ordinary of DeKalb county, appointing defendant administrator on the estate of McCormick Neal. The petitioners allege, that the defendant falsely represented to the court that McCormick Neal, a non-resident of this State, had assets in DeKalb county; that the decedent had no property of any kind in DeKalb county, and the court of ordinary of said county was without jurisdiction to appoint an administrator on the estate of said Neal; that the appointment of the defendant was obtained by fraud, and petitioners had no knowledge that proceedings were pending before the court of ordinary of DeKalb county; that the deceased left certain property in Talbot county, Ga., and Stephen Neal has been legally appointed temporary administrator upon said estate in Talbot county. The defendant demurred as follows: "Because plaintiff's petition shows that if any cause of action exists against the defendant by reason of the facts alleged in said petition,

which is denied by defendant, the cause of action does not lie in favor of plaintiffs, but in favor of Stephen Neal, whom they allege has been appointed [temporary] administrator of said McCormick Neal's estate. Because plaintiff's petition and the exhibits thereto attached show that defendant was regularly appointed administrator of the estate of McCormick Neal, deceased, and any objection that plaintiffs wished to make to said appointment should have been made in response to the published citation upon the application of defendant to be appointed administrator of said estate; that the order appointing defendant administrator of said estate can not be thus collaterally attacked; that the issues now raised were adjudicated by said order appointing defendant administrator of said estate; that plaintiffs have had their day in court and can not now he heard upon the issues raised. Because the allegations of said petition are not such as to show that the defendant has been guilty of any fraud whatever. Because plaintiff's petition, with the exhibits thereto attached, show that the court of ordinary of DeKalb county had jurisdiction of the estate in question, and that the appointment of defendant was regular. Because the allegations contained in plaintiff's petition show that there is no equity in said petition, and set forth no cause of action against this defendant." The court sustained the demurrer and dismissed the petition; and the plaintiffs excepted.

*J. D. Kilpatrick, J. W. Moore, J. J. Bull,* and *W. T. Letford,* for plaintiffs. *Green, Tilson & McKinney,* for defendant.

BECK, J. (After stating the facts.)

1. Courts of ordinary in Georgia have general and exclusive jurisdiction of "the granting of letters testamentary, of administration, and the repeal or revocation of the same." Civil Code, §4232. And the judgment of a court of ordinary granting letters of administration is entitled to that conclusiveness which attaches to the judgments of other courts of general jurisdiction. *Maybin* v. *Knighton,* 67 *Ga.* 103. The question here presented is whether such a judgment can be attacked directly, in a proceeding instituted for that purpose, in a court of equity on a proper case made. This question has been adjudicated in a number of cases decided by this court. "The judgment of a court of competent jurisdiction may be set aside for fraud, accident, or mistake, unmixed with the negligence or fault of the complaining party, by a decree in chan-

cery, or in a court of law under our practice, by appropriate pleadings, and by making the necessary parties to the proceeding for that purpose." *Dugan* v. *McGlann,* 60 *Ga.* 353. In the case of *Jones* v. *Smith,* 120 *Ga.* 642, Mr. Justice Cobb said, "If it could be made to appear that the judgment of the court of ordinary appointing the Joneses administrators was the result of a fraud perpetrated upon that court by a false representation that Lamar was a resident of the State at the time of his death, it may be that the defendants would have a remedy by a direct proceeding in equity to set aside this judgment on the ground of fraud. See, in this connection, *Cowart* v. *Simpson,* 74 *Ga.* 697; *Langmade* v. *Hamilton,* 89 *Ga.* 441; *Phillips* v. *James,* 115 *Ga.* 426." In the case of *Wallace* v. *Walker,* 37 *Ga.* 265, the court said: "Wallace died in the State of Tennessee, the place of his domicil, leaving a will appointing an executor, who was duly qualified as such in the probate court of that State, and such executor filed an exemplified copy of his appointment in court, as required by the code, exhibited his bill against the defendant, who had been appointed administrator on the estate of the deceased by the court of ordinary of this State, and, as such, had collected and received a portion of the personal estate of the deceased, alleging that said defendant represented to the court of ordinary, at the time of his appointment, that the deceased had died intestate, when he knew that he died leaving a will: *Held,* that a court of chancery in this State has jurisdiction to maintain a suit, in behalf of such foreign executor, to set aside the letters of administration so granted, upon the ground of fraud in obtaining the same." And in the case of *McArthur* v. *Matthewson,* 67 *Ga.* 134, it was held that "Equity has jurisdiction to set aside a judgment granting letters of administration, where such judgment was obtained by fraud." And in the case of *Davis* v. *Albritton,* 127 *Ga.* 517, it was held that the heirs of the decedent could maintain a direct proceeding to have a judgment, admitting to probate the copy of a lost will, set aside on the ground that the party obtaining the judgment had fraudulently misrepresented to the court the facts necessary to give the court jurisdiction, when such jurisdictional facts did not exist. See also *Tant* v. *Wigfall,* 65 *Ga.* 412; Civil Code, § 5370. It follows from the authorities cited above, that if the court of ordinary of DeKalb county had no jurisdiction to grant letters of administration on the estate of Mc-

Cormick Neal, and the granting of the same was the result of a fraud perpetrated upon the court by a false representation that the necessary jurisdictional facts did exist, a court of equity would have power to set aside the judgment granting said letters of administration, on the ground of fraud in its procurement.

2. Did the facts alleged in the plaintiff's petition bring this case within the rule just announced? The Civil Code, §4234, provides that "The ordinary can grant administration upon no person's estate who was not a resident of the county where the application was made at the time of his death, or, being a non-resident of the State, has property in said county, or a bona fide cause of action against some person therein." The decedent, McCormick Neal, a non-resident of this State, having died in the State of Florida, the existence of bona notabilia in DeKalb county was a necessary jurisdictional fact upon which to grant letters of administration in that county. The petition alleges, that at the time of the death of McCormick Neal, said decedent left no property of any kind or character in DeKalb county, Georgia, and, at the time said defendant applied for letters of administration on the estate of said Neal, there was situated and located in DeKalb county no property of any kind belonging to the estate of said decedent, except a certain promissory note executed in 1887 by one Culpepper; that said Culpepper is a resident of Talbot county, Georgia, and is wholly insolvent. Petitioners allege that the carrying to DeKalb county of the said promissory note was for the fraudulent purpose of giving to the court of ordinary of DeKalb county jurisdiction to appoint the defendant administrator on said estate, and that said defendant was guilty of fraud when he alleged in his application to the court of ordinary of DeKalb county that some portion of the estate of McCormick Neal was located in DeKalb county; that this allegation was not true, and that defendant knew it was not true.

Mr. Schouler in his work on Executors and Administrators (3d ed.), §25, says, "Local jurisdiction [to appoint an administrator on the estate of a non-resident decedent] is upheld on the ground that bona notabilia exist when letters are applied for, notwithstanding the goods were brought into the country, or the debtor removed thither subsequently to the death of the owner or creditor; and this seems the better opinion, unless such bringing in or removal was in bad faith, and with the intention of conferring improperly

a colorable probate jurisdiction." And so we hold in the present case, that if·the note was brought into DeKalb county, as alleged in the petition, as a part of a fraudulent scheme for the purpose of giving falsely a colorable and pretended jurisdiction to the court of ordinary of that county, it would not be bona notabilia within the county of DeKalb for the purpose of founding administration. But irrespective of the question of bad faith in bringing the note into DeKalb county, the mere existence of such promissory note in that county payable to the decedent, when the maker of the note resides in Talbot county, would not confer jurisdiction on the probate court of DeKalb county to grant letters of administration on the estate of the deceased non-resident payee. In the case of *Arnold* v. *Arnold,* 62 *Ga.* 627, it was held, that, for the purpose of granting letters of administration on the estate of a non-resident decedent, "debts by simple contract are bona notabilia in the county where the debtor resides." And in the case of Wyman *v.* Halstead, 109 U. S. 654, Mr. Justice Gray said, "The general rule of law is well settled, that, for the purpose of founding administration, all simple contract debts are assets at the domicil of the debtor; and that the locality of such a debt for this purpose is not affected by a bill of exchange or promissory note having been given for it, because the bill or note does not alter the nature of the debt, but is merely evidence of it, and therefore the debt is assets where the debtor lives, without regard to the place where the instrument is found or payable." The doctrine here stated is an enunciation of the common law upon the subject dealt with, and is in harmony with the rule deducible from our Civil Code, §§3393, 4234, which are an adoption and codification of the common law upon the subject of the grant of administration on the estate of a non-resident. See also 11 Am. & Eng. Enc. L. (2d ed.) 764; 18 Cyc. 73. If, therefore, the allegations of the petition are true (and they must be so considered in passing upon the general demurrer), the court of ordinary of DeKalb county had no jurisdiction to grant letters of administration upon the estate of McCormick Neal, deceased, and the rendition of the judgment appointing such administrator was procured by fraudulent representations, upon the part of the defendant in this case, as to the facts necessary to give the court jurisdiction.

3. It was alleged in the petition that one Stephen Neal, of Talbot county, has been legally appointed temporary administrator on

the estate of McCormick Neal, deceased, in Georgia; and defendant contends that the temporary administrator was the proper party to institute and maintain the present proceedings to set aside the judgment appointing defendant permanent administrator. The Civil Code, § 3359, gives the ordinary power to appoint a temporary administrator "upon any unrepresented estate, for the purpose of collecting and taking care of the effects of the deceased," to continue until permanent letters are granted. Section 3361 declares that "a temporary administrator may sue for the collection of debts or personal property of the intestate." As was said by Chief Justice Simmons, in the case of *Banks* v. *Walker,* 112 *Ga.* 542, "There is no other section of the code which can be construed as giving to the temporary administrator any larger powers than these. . . Under our code a temporary administrator is appointed to collect the personal property and to protect it from waste and deterioration, and preserve it until permanent letters are granted. . . . If the legislature had intended to confer upon a temporary administrator the same powers which are vested in a permanent administrator, it would certainly not have used language apparently restricting his power, as in the code. It is quite clear, from the language of the sections mentioned above, that the intention was merely to have some one appointed to look after the personal property of the estate during the interval which has to elapse before a permanent administrator can be appointed." Accordingly it was held in the *Banks* case that a temporary administrator could not maintain an action to recover land alleged to belong to the estate which he represents.

An action to set aside or vacate the judgment of the court of ordinary, appointing a permanent administrator, is not a suit concerning personal property, nor was it instituted "for the purpose of collecting and taking care of the effects of the deceased." And we do not think that the temporary administrator has any power or authority to institute and maintain a suit for the purpose of setting aside, or vacating such judgment.

The petitioners in the present case were heirs and creditors of the decedent. They were interested in the assets of the estate, and their distribution. They would, therefore, have been heard as caveators when the application for letters of administration was pending. *Towner* v. *Griffin,* 115 *Ga.* 966. And it is quite clear

that they are the proper parties plaintiff to the proceeding to vacate or set aside the judgment appointing the administrator. See *Jones* v. *Smith,* 120 *Ga.* 642. The fact that citation was·published would not prevent the plaintiffs, who had no knowledge of the application for letters of administration, from moving in due time to have the. judgment, appointing the administrator, set aside. *Davis* v. *Albritton,* 127 *Ga.* 517.

4. The plaintiff's petition set forth a good cause of action, and it was error for the court to sustain a general demurrer thereto.

*Judgment reversed.* · *All the Justices concur, except Holden, J., who did not preside.*