LESTER, administrator, *et al.* v. REYNOLDS *et al.*

BECK, J. A petition alleged in substance as follows: An owner of land died intestate, leaving a wife and three children. With the knowledge and consent of the widow, the three children divided the land left by the decedent into three shares, apportioning one to each, and taking possession of their respective shares so apportioned. The widow and two of the children executed to the other child a conveyance of the share which had been set apart to him, all being of age. One of the children, a daughter, disappeared about eleven years before the present suit was brought, and has never been heard from since. She left two children, who are the present plaintiffs. After her disappearance, a son of the intestate, other than the one to whom the conveyance was made as above stated, for the fraudulent purpose of getting possession of the share which had been set apart to the plaintiffs' mother, obtained letters of administration in the court of ordinary of Burke county, and induced the widow to procure to be set apart to her as a year's support the land left by the intestate. Subsequently the widow executed to this son a conveyance of the share which had previously been set apart to him in the division above mentioned. Afterwards she died, and the son just mentioned is in possession of the share of the intestate's estate which was set apart to the plaintiffs' mother. It is sought to obtain a decree setting aside the judgment granting the year's support, and to recover possession of the land which was set apart to

the plaintiffs' mother in the division. It is alleged, that if the year's support should be set aside and held to be invalid, the plaintiffs are entitled to recover the entire land set apart to their mother in the division; and that if the year's support should be held to be valid, they would be entitled to recover, as representing their mother, by inheritance from the widow, a one-third undivided interest in the lot set apart to their mother. *Held:*

1. It was error to dismiss the petition on general demurrer. If the mother of the plaintiffs obtained a valid title to the share which was set apart to her in the division, the plaintiffs would be entitled to recover the entire lot, in the absence of any valid defense. If the year's support granted to the grandmother of the plaintiffs was valid, and she died intestate without disposing of the lot in controversy, the title to it would descend to her heirs, and the plaintiffs would be entitled to a one-third undivided interest as representing their mother, treating her as dead, if she had disappeared and not been heard from for more than seven years. In either event the petition was not subject to general demurrer.

2. The superior court in the exercise of its equitable jurisdiction may set aside a judgment of a court of ordinary, procured by fraud, upon proper allegations and proof. The party seeking such relief is not compelled to move to set aside the judgment in the court of ordinary. *Neal v. Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237).

(*a*) Accordingly the demurrer, in so far as it was based on the ground that the superior court of Jenkins county was without jurisdiction to set aside a judgment of the corut of ordinary of Burke county, because the plaintiffs should have proceeded by motion in the latter court, was without merit.

(*b*) The demurrer did not raise any question as to want of jurisdiction on the ground of non-residence of defendants in the county where the equitable proceeding was brought.

3. The allegations of fraud in the obtaining of the administration in Burke county and the procuring of a year's support to be set apart did not set out sufficient facts to withstand a special demurrer; and in so far as the demurrer attacked the sufficiency of such allegations, it was properly sustained; but this did not authorize the dismissal of the entire action.

4. In so far as the demurrer rested upon the ground that there was laches in bringing the action, it was without merit.

5. The judgment will be reversed, with direction that the demurrer be overruled, except as to the allegations of fraud, and as to this that it be sustained.

*Judgment reversed, with direction. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 22, 1915.

Equitable petition. Before Judge Hammond. Jenkins superior court. March 10, 1914.

*R. P. Jones,* for plaintiffs.