BOWERS, administrator, *v.* DOLEN.

No. 12666. FEBRUARY 23, 1939. REHEARING DENIED MARCH 9, 1939.

*G. S. Peck,* for plaintiff in error.

*Kennedy, Campbell & Therrell,* contra.

BELL, Justice. ■ The petition does not in terms allege that the defendant *falsely and fraudulently* represented himself to be a creditor of the estate of Katherine A. Dolen, for the purpose of obtaining his appointment as her administrator, but it does aver specific facts from which no other inference is reasonably deducible except that he was not a creditor and knew it, and that he was a mere intermeddler with fraudulent motive. True it is that the plaintiff charged only upon information and belief that the defendant knew that Katherine A. Dolen was not in life at the time he made the tax returns in her name, but this was nevertheless an averment of actual knowledge on his part, and for the purpose of demurrer the averment is not qualified or weakened by the circumstance that it was made only upon information and belief. It is still a positive allegation, which the plaintiff in effect declares himself willing to make because of claimed information and belief regarding the matter. There is an important difference between this form of allegation and one in which the plaintiff merely alleges that he has been informed and believes thus and so. In the latter case there is only a statement of information and belief, which does not amount to a positive allegation of fact itself. "The pleader must allege the fact on information and belief, and not that he is informed and believes that the fact exists." 21 C. J. 395, § 410; *Nance* v. *Daniel,* 183 *Ga.* 538, 543 (189 S. E. 21). The Code provides that all lands in this State which are subject to taxation shall be returned by the person owning the same, his agent, or attorney. § 92-6206. If Katherine A. Dolen was dead, the defendant could not have acted as her agent or attorney, and, as alleged in the petition, he knew that she was dead. The petition further alleged that Katherine A. Dolen died intestate, and that the plaintiff, John W. Dolen, was her sole heir at law; also that the plaintiff had not authorized or consented to the acts of the defendant, and was in fact without knowledge thereof. Under the allegations, the returns and

the executions were void; and the same is true of everything that followed, as related to payment of taxes and transfer of executions. *Miller* v. *Brooks,* 120 *Ga.* 232 (47 S. E. 646); *Ayer* v. *Chapman,* 146 *Ga.* 608 (91 S. E. 548); *Wilson* v. *Eatonton,* 180 *Ga.* 598 (180 S. E. 227). Therefore the defendant was not a creditor of the estate of Katherine A. Dolen, as alleged in his application for appointment as administrator (Code, § 20-1007); and since, under the specific facts alleged, the petition is not open to any other construction except that the application was fraudulent, it is unimportant that the petition did not allege actual fraud in express terms. *Sutton* v. *Adams,* 180 *Ga.* 48, 62 (178 S. E. 365); *Abercrombie* v. *Hair,* 185 *Ga.* 728, 733 (196 S. E. 447).

█ It has been held several times by this court that a judgment of the court of ordinary granting permanent letters of administration to one who is neither next of kin, nor a creditor, nor otherwise entitled to administration, may be set aside in a direct proceeding in equity, instituted by heirs at law, on the ground that the applicant falsely and fraudulently represented in his application that the facts were such as to entitle him to appointment. *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113); *Brown* v. *Parks,* 169 *Ga.* 712 (151 S. E. 340, 71 A. L. R. 271); *Donehoo* v. *Standifer,* 180 *Ga.* 181 (178 S. E. 455). Under these authorities, the allegations in the present case were sufficient to state a cause of action for setting aside the appointment of the defendant as administrator and the order for sale, unless the plaintiff is barred upon some other ground aside from the question of fraud, as contended by the defendant. This conclusion is not opposed to any of the following decisions, which are relied on by counsel for the plaintiff in error: *Bryan* v. *Walton,* 14 *Ga.* 185 (11); *Bailey* v. *Ross,* 68 *Ga.* 735; *Sanders* v. *Slaughter,* 89 *Ga.* 34 (14 S. E. 873); *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009); *Harris* v. *Shelton,* 151 *Ga.* 615 (107 S. E. 842). None of these cases involved allegations of fraud such as are found in the present case. Nor does the instant petition attempt a *collateral* attack upon the judgment or judgments of the court of ordinary. On the other hand, it is a direct proceeding in a court of equity, with proper parties, having for its purpose the cancellation of a judgment or judgments obtained by fraud. "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the

adverse party unmixed with the negligence or fault of the complainant." Code, § 110-710. See § 37-219. A judgment of a court of ordinary is no exception to this rule. *While* v. *Roper,* 176 *Ga.* 180 (2), 187 (167 S. E. 177). See also *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922); *Jordan* v. *Harber,* 172 *Ga.* 139, 140 (4) (157 S. E. 652).

■ There is no merit in the contention that the plaintiff is barred by his own negligence. It is insisted in this connection that he should have kept himself informed, either through a local agent or by subscribing for the official organ of Fulton County and reading the legal notices. In *Davis* v. *Albritton,* 127 *Ga.* 517, 520 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352), it was said: "If, as alleged and sought to be proved, a fraud was perpetrated by knowingly and falsely pretending that the decedent resided [in a county different from that of his actual residence], the fact that citation was published would not prevent the plaintiff, who had no knowledge of the proceeding, from moving in due time, in the court where the judgment was rendered, to have it set aside." This ruling was repeated in substance in the following cases, each being a suit in equity to set aside a judgment rendered in a different court: *Neal* v. *Boykin,* 129 *Ga.* 676, 683 (59 S. E. 912, 121 Am. St. R. 237); *Powell* v. *McKinney,* 151 *Ga.* 803 (2), 810 (108 S. E. 231); *Walker* v. *Hall,* 176 *Ga.* 12 (5) (166 S. E. 757); *Jackson* v. *Jackson,* 179 *Ga.* 696 (3) (177 S. E. 591). These decisions probably rest upon the idea that the fraud involved was not to be presumed, and consequently there was no duty to anticipate or watch for it. Cf. *English* v. *Poole,* 31 *Ga. App.* 581 (4) (121 S. E. 589). The case of *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61), relied on by counsel for the plaintiff in error, was materially different from these cases and also from the present case. In that case the bank, a resident of Michigan, sued in equity to set aside a judgment awarding a year's support to the widow of its deceased Georgia debtor. When a man dies and leaves a widow, she is entitled as a matter of law to a year's support out of his property. In the *Beddingfield* case the right person as widow filed the claim, and the only controversy related to the amount granted, the plaintiff contending that an excessive amount had been obtained as the result of fraud. In these circumstances it was held that the judgment was binding upon the non-resident

creditor, the usual citation having issued. In the present case, however, the allegations were sufficient to show that there was no foundation whatever for the proceeding, and that the plaintiff was not negligent in failing to anticipate it by employing a local agent or reading the legal notices.

■ Nor can we sustain the contention that the plaintiff has failed to do equity in not paying or tendering to the defendant the sums which he assumed to pay as taxes upon this property for the several years stated. From what was said in the first division, the payments were both voluntary and void so far as satisfying the taxes on this property. According to the allegations, the plaintiff does not owe the defendant anything. On this question the present case is distinguished from the many cases heretofore decided by this court in regard to valid tax claims and the necessity of tender. Nor is it a matter of defense to this defendant that the plaintiff may not have paid the taxes to the State and county for any period since the death of Katherine A. Dolen. That is a matter between the plaintiff and the taxing authorities, and the defendant can not object that the plaintiff has failed to do equity, except as to himself. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104.

■ There is another matter, which, though not pressed by the plaintiff, would seem to require some comment, if the petition is to be sustained. The plaintiff prayed first, for process; second, for injunction; and third, for injunction and "for such other and further relief as in the premises may be just and proper." It may be true that unless the plaintiff can and does obtain a cancellation of the judgments passed by the court of ordinary, he would not be entitled to injunction. Under the allegations the basic relief of which he is in need is cancellation of these judgments, and for this he does not in specific terms pray. In the nature of the allegations made, however, this omission is not fatal. "Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings." *Broderick* v. *Reid,* 164 *Ga.* 474 (2), 483 (139 S. E. 18). The general prayer made in the present case would be sufficient upon which to base a decree of cancellation. *McGarrah* v. *Bank of Southwestern Georgia,* 117 *Ga.* 556 (43 S. E. 987) ; *Dollar* v. *Fred W. Amend*

*Co.,* 184 *Ga.* 432, 437 (191 S. E. 696). The court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*