FULMER *v.* WILKINS *et al.*

No. 15563. SEPTEMBER 7, 1946.

328

*John E. Stansfield* and *Pierce Bros.,* for plaintiff.

*Isaac S. Peebles Jr.,* for defendants.

BELL, Chief Justice.  All grounds of the demurrer were general in nature, although different contentions were urged therein as to why the petition should be dismissed.  While these contentions may not be referred to in this opinion by number or other specific designation, we shall undertake to deal with all of them, on principle.

The plaintiff filed suit in the Superior Court of Richmond County to cancel and set aside letters of guardianship issued by the court of ordinary of that county to one of the present defendants as guardian for such plaintiff, described as having been adjudged an imbecile.  The petition contained, among others, the following allegations as to the manner in which the letters of guardianship were procured:

That a lunacy proceeding was instituted by Rose Kitchens, a daughter of Ella E. Bland, and on September 8, 1944, a lunacy commission adjudged the plaintiff to be a person "imbecile from illness and old age." Thereupon, on September 12, Ella E. Bland was appointed guardian of the plaintiff's property. The petition further alleged that at the time said lunacy commission was had, the plaintiff was of sound mind and was not an imbecile; that the letters of guardianship were fraudulently procured; that the plaintiff was induced to come from South Carolina, where he was then residing, to Augusta, Georgia, with a view of looking after and repairing his property there, when in truth and fact the defendants had conspired and confederated among themselves to have the plaintiff declared a person imbecile from illness and old age, when they knew him to be of sound mind and fully able and capable of caring for himself, of living in his home, and of receiving his pension and social-security allowance; that said letters of guardianship were fraudulently secured by imposing upon the commission and the Court of Ordinary of Richmond County misrepresentations that the plaintiff was a person imbecile from old age; and that the letters of guardianship are void and should be cancelled and set aside and decreed to be of no effect. The plaintiff also prayed that such letters of guardianship be cancelled and declared to be null and void.

"The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code, § 37-219. "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law." § 37-701.

Under these long-established principles, this court has many times held that judgments of courts of ordinary, including judgments appointing and discharging administrators, may be cancelled and set aside by a court of equity in a direct proceeding for that purpose, on the ground that they were procured by fraud; and we can see no reason why the same principles should not be applied to letters of guardianship, in a proper case. The following are some of the cases that would seem to be applicable. *Loyless* v. *Rhodes*, 9 *Ga.* 547 (3); *Wallace* v. *Walker*, 37 *Ga.* 265 (92 Am. D. 70); *McArthur* v. *Matthewson*, 67 *Ga.* 134 (4); *Neal* v. *Boy-*

*kin,* 129 *Ga.* 676 (2) (59 S. E. 912, 121 Am. St. 237) ; *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113) ; *Jackson* v. *Jackson,* 179 *Ga.* 696 (2) (177 S. E. 591) ; *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734).

The allegations of the petition, as above summarized, were sufficient as against general demurrer to allege actual fraud. *Emlen* v. *Roper,* 133 *Ga.* 726 (2) (66 S. E. 934) ; *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (2a) (99 S. E. 123) ; *Castleberry* v. *Wells,* 183 *Ga.* 328 (3) (188 S. E. 349) ; *Abercrombie* v. *Hair,* 185 *Ga.* 728 (2) (196 S. E. 447) ; *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (1), 558 (34 S. E. 2d, 811).

Nor does the petition attempt a mere collateral attack upon the judgment of the court of ordinary, as contended. On the other hand, it is a direct proceeding in a court of equity to set aside the appointment of a guardian alleged to have been procured by actual fraud. It meets the appointment head on, and asks the court of equity to put it out of the way, for that cause. *Griffin* v. *Sketoe,* 30 *Ga.* 300 (3) ; *Brown* v. *Parks,* 169 *Ga.* 712 (151 S. E. 340, 71 A. L. R. 271) ; *Bowers* v. *Dolen,* 187 *Ga.* 653 (2) (supra). This ruling is not in conflict with the decision in *Shiflett* v. *Dobson,* 180 *Ga.* 23 (177 S. E. 681), cited and relied on by counsel for the defendants. That was a habeas corpus case, and no equitable principle was involved. Consequently, for the purposes of that case, the judgment there under attack had to be treated as conclusive.

While it is declared in the Code, § 49-609, that any person for whom a guardian shall be appointed may, upon restoration to sanity and capacity, personally or by attorney, petition the ordinary setting forth the fact and praying revocation of such guardianship, this statute presupposes a valid appointment based upon actual insanity or imbecility; and it would not be applicable so as to bar a suit in equity, where the plaintiff alleged in effect that he was never an insane or imbecile person, and sought to have such guardianship set aside and decreed to be null and void because of actual fraud. Under the allegations of the petition, which for the purpose of demurrer must be taken to be true, the plaintiff's condition was not one of "restoration," for there could be no condition of restoration unless there had been a previous condition of insanity or imbecility.

Nor was the petition otherwise demurrable on the ground that

the plaintiff had an adequate remedy at law. "The superior court in the exercise of its equitable jurisdiction may set aside a judgment of the court of ordinary, procured by fraud, upon proper allegations and proof. The party seeking such relief is not compelled to move to set aside the judgment in the court of ordinary." *Lester* v. *Reynolds,* 144 *Ga.* 143 (2) (86 S. E. 321); *Brown* v. *Parks,* 169 *Ga.* 712 (2) (supra); *Griffin* v. *Sketoe,* 30 *Ga.* 300 (4) (supra); *Beavers* v. *Williams,* 199 *Ga.* 113 (33 S. E. 2d, 343).

Moreover, since the plaintiff in this same action sought to cancel as forgeries two instruments, at least one of which was a cloud upon the title to his property, and since he could not maintain an independent suit for such cancellation in his own name alone so long as the guardianship is outstanding, the petition thus showed affirmatively that by the instant proceeding a multiplicity of suits may be avoided. Code, § 37-301. See also. Code, §§ 37-105, 37-120; *Powell* v. *McKinney,* 151 *Ga.* 803 (7) (108 S. E. 231); *Glover* v. *Rome,* 173 *Ga.* 239 (2) (160 S. E. 249).

While, as we have just indicated, a person for whom a guardian has been appointed can not ordinarily maintain a suit in his own name without the aid of his guardian or other representative (Code, § 37-1003; *Wood* v. *Wood,* 200 *Ga.* 796, 38 S. E. 2d, 545), this rule would not have application so as to prevent such person from instituting, by and for himself alone, a suit in equity directly against the guardian, alleging in effect that he is capable of managing his affairs, and seeking, on other and sufficient allegations, to have such appointment and letters of guardianship cancelled and set aside as having been procured by actual fraud. Otherwise, the appointment, though voidable in equity, would stand as a bar to the right of the plaintiff to bring a suit in equity for the very purpose of having it declared void and set aside. In such a case, on proof of the fraud as alleged, equity will either put the impediment out of the way, or treat it as being void and of no effect. *Griffin* v. *Sketoe,* 30 *Ga.* 300 (3), 304 (supra); *Gentle* v. *Georgia Power Co.,* 179 *Ga.* 853, 855 (4) (177 S. E. 690). Of course, if such proof is not made, the entire case, including the right to sue, will fall.

The petition was not subject to general demurrer as showing that the plaintiff has not done or offered to do equity, especially in view of the prayer for an accounting. *Wynne* v. *Fisher,* 156 *Ga.* 656

(2) (119 S. E. 605); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (6) (124 S. E. 722).

So far as appears, the mere dismissal of the suit as to the surety company would not in any manner affect the plaintiff's right to proceed against the other defendants. The petition. as amended stated a cause of action, and the general demurrer as amended should have been overruled.

*Judgment reversed. All the Justices concur.*