JOHNSON *v.* BOGDIS *et al.*

No. 16689.　July 12, 1949.

539

J. *Walter LeCraw* and *C. E. Presley,* for plaintiff in error.

WYATT, Justice. ■ "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code, § 37-219. "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law." § 37-701. Under these well-established principles, this court has many times held that judgments of courts of ordinary may be set aside by a court of equity, in a direct proceeding for that purpose, on the ground that they were procured by fraud. *Fulmer* v. *Wilkins,* 201 *Ga.* 322 (39 S. E. 2d, 405); *Lester* v. *Reynolds,* 144 *Ga.* 143 (2) (86 S. E. 321); *Neal* v. *Boykin,* 129 *Ga.* 676 (1) (59 S. E. 912, 121 Am. St. R. 237).

In the instant case, the allegations of the petition charge, among other things, that the defendant, who was executrix of the will of her deceased husband, promised the brother of the plaintiffs that she would not apply for a year's support, and requested that the brother notify the plaintiffs, who lived in Greece and were beneficiaries under the will, of her promise; that, acting upon the promises of the defendant, the plaintiffs did not employ counsel to represent their interests in the estate; that, notwithstanding such promise, the defendant did apply for and have set aside to her a year's support without the plaintiffs' having any actual knowledge thereof until after the year's support was set aside.

The allegations of the petition as to the conduct of the defendant in having set aside to her a year's support were sufficient, as against general demurrer, to allege actual fraud. "Misrepresentation is one of the grounds on which equitable relief may be invoked in regard to judgments. It has been said that all deceitful practices in depriving or endeavoring to deprive another of his known right by means of some artful device or plan contrary to the plain rules of common honesty constitute fraud. By this term is meant fraud perpetrated by some artifice or contrivance of the party or person benefited, whereby in the course of the trial, or in entering judgment, the injured party or the court has been imposed upon or betrayed into inattention and deceived. The rule is that equity will grant relief where by deceit and fraud a successful litigant prevents his adversary from presenting the latter's cause of action or defense. . . One of the most frequently recurring forms of fraud on the part of one litigant against the other, entitling the latter to relief in equity against the judgment finally entered, is the making of some agreement or representation for the purpose of preventing an appearance or defense in the original action and reliance upon which has had the effect intended." *Jordan* v. *Harber*, 172 *Ga.* 139, 162 (157 S. E. 652).

The instant petition is not one which attempts a *collateral* attack upon the judgment of the court of ordinary. On the other hand, it is a direct proceeding in a court of equity, with proper parties, having for its purpose the cancellation of a judgment obtained by fraud. It meets the judgment head-on, seeking to

have a court of equity set it aside and declare it null and void on account of fraud. *Bowers* v. *Dolen,* 187 *Ga.* 653, 657 (1 S. E. 2d, 734) ; *Fulmer* v. *Wilkins,* supra.

There is no merit in the contention that the plaintiffs are barred by their own negligence. Contending that the petition reveals that notice of the application for year's support was published as required by law, and no further notice to interested parties is required, the plaintiff in error insists that the plaintiffs in the court below should have kept themselves informed, and should have urged as objections to the application for year's support the reasons now given for setting aside the year's support. Counsel for the plaintiff in error rely upon *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61), as supporting their contention in this respect. That case is distinguishable from the instant case, in that the plaintiff there was a creditor, and no relationship of confidence or trust existed between the parties. Here, the petition discloses that the defendant was an executrix of, and the plaintiffs devisees and legatees under, a will. Accordingly, the executrix, like an administrator, occupied "a position of the highest trust and confidence" to the beneficiaries·under the will, and as such was required to act in entire good faith in performing the duties of her trust. *Morris* v. *Johnstone,* 172 *Ga.* 598, 604 (158 S. E. 308) ; *Dorsey* v. *Green,* 202 *Ga.* 655 (44 S. E. 2d, 377). There being between the parties a relationship of trust and confidence, no duty rested upon the plaintiffs to anticipate and watch for fraud. They should not be required to presume that one occupying a confidential relationship to them would perpetrate upon them a fraud. The same degree of diligence in detecting fraud is not required where a confidential relationship exists as is required where the parties are dealing at arm's length.

As an excuse for the failure of the plaintiffs to discover sooner the alleged fraud, the petition also alleges that the plaintiffs were residents of a foreign country, a fact known to the defendant, who knew that they would not receive notice of the advertisement published in the official organ of Fulton County. "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for

determination by the jury." *Elliott* v. *Marshall*, 179 *Ga.* 639 (176 S. E. 770); *Dorsey* v. *Green*, supra.

In principle, we think this case is controlled by *Ellis* v. *Hogan*, 147 *Ga.* 609 (95 S. E. 4), where this court held: "Where the head of a family died intestate, leaving a widow and three adult children by a former marriage as his sole heirs at law, and an estate consisting principally of two separate improved city lots of nearly equal value; and where the children, who were shown to be upon friendly terms with the stepmother, informed her fully of her right to a year's support and of her legal rights in the estate, and suggested a friendly division of the estate, without administration, proposing that she take one city lot and they the other, and she requested time to consider the proposition, agreeing and promising to 'let the children know' her decision as soon as she made up her mind about the matter, upon which promise the children relied, the peculiar circumstances of the case created a duty on the stepmother to advise the children of her decision concerning a division of the estate. Accordingly, where, in violation of such agreement and without notice to the children other than the publication of a citation to show cause as required by the statute, the widow procured the court of ordinary to set apart to her the whole of the estate for a year's support, a court of equity, on an appropriate application timely made, will set aside the judgment for year's support for fraud in its procurement."

Applying the foregoing rulings, the petition was sufficient to allege a cause of action for the setting aside of the judgment awarding a year's support to the widow; and, under the well-settled rule that a petition which sets forth a cause of action for any of the relief prayed for should not be dismissed on general demurrer, the trial judge did not err in overruling the general demurrer to the petition.

■ The trial judge did not err in overruling the ground of special demurrer attacking, as being immaterial and hearsay, the allegations of the petition with respect to conversations between the defendant and the brother of the plaintiffs. Since it is alleged that the defendant requested the brother to convey to the plaintiffs her assurance that she would not apply for a year's support, and it is alleged that the plaintiffs acted upon such in-

formation to their detriment, the allegations were not subject to the objections urged.

■ All interlocutory relief prayed for was denied by the trial judge, except that the interlocutory order restrained the defendant from disposing of property set aside to her as a year's support and certain other property.

While the plaintiffs alleged a case of fraud, which upon proper proof would authorize the setting aside of the year's support award, the evidence adduced upon the interlocutory hearing failed to prove the case as alleged. The only fraud alleged against the defendant which would authorize the setting aside of the judgment awarding a year's support is discussed in division one of this opinion. As to this alleged fraud, the evidence was as follows: The plaintiffs offered in evidence the affidavit of Gus Bogdis, to whom the defendant allegedly made certain statements as to her intention not to apply for a year's support. He testified: "Deponent states that after his brother, Nick Johnson, died on September 25, 1948, that he talked with his sister-in-law, Mrs. Kyriakula Johnson, over the telephone; that she told him that she was going to do what was right; that she was going to give his brother and sisters what they had coming to them under the will. That Mrs. Kyriakula Johnson did not mention to him that she was going to make application for a year's support." There is in this testimony not one word tending to show that the defendant made any misrepresentations as to her intention with respect to applying for a year's support; nor is there anything indicating that she ever requested Gus Bogdis to inform his brother and sisters that she had promised not to apply for a year's support. An affidavit of the same witness, introduced by the defendant, was to the following effect: "It is not true that Mrs. Johnson, the widow of Nick Johnson, stated to me that she would not make any application for a year's support, or that she would not ask for anything more than one-half of Nick's estate. The only time I have talked to her since Nick's death was when I called her up and gave her a message from the preacher, and gave her my sympathy, and she was crying and torn up. She did not say anything about the estate of Nick, or what she would get, and said nothing about any year's support."

The pleadings and the evidence were insufficient to establish

other alleged acts of fraud in procuring the year's support, such as the alleged excessiveness of the year's support awarded the widow. Nor were the pleadings and the evidence sufficient to show acts of mismanagement of the estate which would authorize a court of equity to interfere with the regular administration of the estate. No insolvency was alleged.

" 'A court of equity will not, as a general rule, require an executor to give bond for the faithful management of the estate, or, upon refusal to do so, grant an injunction against the executor to prevent him from administering the estate, in the absence of an unequivocal allegation that the executor is insolvent; and this is so though there may be general allegations of mismanagement.' *Gould* v. *Glass,* 120 *Ga.* 50 (6) (47 S. E. 505) ; *Bowen* v. *Bowen,* 200 *Ga.* 572 (4) (37 S. E. 2d, 797). The court of ordinary has full jurisdiction in the administration of estates, and to require obedience to its mandates; and the court of ordinary may require a bond of an executor covering the interest of the heirs from waste or mismanagement. *Darby* v. *Green,* 174 *Ga.* 146 (162 S. E. 493). The Code, § 113-1216, specifically provides: 'The ordinary, on his own motion, or upon the representation of any person in interest, that an executor is mismanaging the estate, or is about to remove it without the State, may require such executor to show cause why he should not give bond and security for the faithful execution of his trust; and on his failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate.' Accordingly, the fact that the executor is serving without bond is insufficient to show a danger of loss or injury in the absence of interference by a court of equity." *Taylor* v. *Taylor,* 205 *Ga.* 486 (53 S. E. 2d, 769).

For the foregoing reasons, the trial judge erred in passing so much of the interlocutory order as restrained the defendant from disposing of certain properties belonging to the estate.

*Judgment affirmed in part and reversed in part. All the Justices concur.*