HOGG *v.* HOGG.

692

No. 17016. MARCH 13, 1950. REHEARING DENIED MARCH 27, 1950.

*Jule & A. C. Felton III.*, for plaintiff in error.

*Sidney Moore*, for defendants.

CANDLER, Justice J. W. Hogg, a resident of Macon County, Georgia, died testate on January 18, 1949, but his will was never probated. He was survived by his widow and seven children. By his will, but in lieu of a year's support and dower, he gave his wife a life estate in all of his property, and the remainder interest therein to six of his children. Having previously made advancements to his son, Thomas C. Hogg, no further provision was made for him by the testator's will. He nominated his wife, Mrs. Mamie S. Hogg, and his son, J. M. Hogg, executrix and executor, respectively, of his will. On January 26, 1949, the testator's widow, as custodian of his will, through her attorney, filed it with the Ordinary of Macon County, but did not offer to probate it. At the same time, she renounced, in writing, her right to represent the estate as executrix and made an application for a year's support therefrom. The entire estate, valued by the appraisers at $11,177.14, was set apart to her as a year's support at the March term, 1949, of the Macon County Court of Ordinary, no objections thereto being interposed. On November 23, 1949, J. M. Hogg filed a suit against his mother, Mrs. Mamie S. Hogg, in the Superior Court of Macon County, and, on the ground of fraud, prayed that the judgment previously rendered in her year's support proceeding be set aside, and for certain injunctive relief. These further facts were alleged in his petition: The value of J. W. Hogg's estate, which consisted of 852-1/2 acres of land in Macon County, $4927.14 on deposit in a named bank, and various other items of personalty, was in excess of $30,000 at the time it was set apart to the defendant as a year's support. The plaintiff, by the terms of his father's will, was given the remainder interest in 202-1/2 acres of land and a right to share equally, at the time of his mother's death,

with the other legatees, in a disbursement of all property of the estate not specifically devised. The defendant, immediately after the death of the plaintiff's father, and before filing her application for a year's support on January 26, 1949, conferred with the plaintiff about the affairs of the testator's estate, and at that time stated to him that her attorney had suggested that she renounce her right to take under the will of her deceased husband and apply for a year's support. The plaintiff did not understand the legal effect of such a proceeding, was mentally upset because of the very recent death of his father, and was personally assured by his mother that neither the land in which he had a remainder interest nor the distributive share which he was entitled to take in the personal property would be affected in any way by her application for a year's support, and being thus assured that his interest in the estate of his father would not be affected thereby, the plaintiff thought no more about the matter; but trusted his mother, believed and relied upon her representations, and did not know that she had violated her agreement with him until after a final judgment had been rendered in her year's support proceeding. It was further alleged that $1200, according to the circumstances of the estate and the standing of the family, would have been a reasonable allowance to the plaintiff's mother for a year's support, and that the amount set apart by the appraisers, who were selected by the applicant and her attorney, was grossly excessive. It was also alleged that the plaintiff had no actual knowledge of the proceeding for a year's support filed by his mother until after the return of the appraisers was finally approved; that he was residing at the time on the farm in which he had a remainder interest; and that the appraisers did not inspect the same for the purpose of ascertaining its value. During the pendency of the application for a year's support, the plaintiff was busy with his farm work, and it never occurred to him that his mother would violate her agreement and mislead him concerning his interest in his father's estate. A general demurrer was interposed to the petition, which, after being heard, was overruled. To that judgment the defendant excepted and by a direct bill of exceptions brought her case to this court for review.

■ For sufficient cause, and with proper parties, a court of

equity has jurisdiction to set aside a judgment rendered by the court of ordinary in a year's support proceeding. Code, § 110-710; *Lester* v. *Reynolds*, 144 *Ga.* 143 (86 S. E. 321); *Brown* v. *Parks*, 169 *Ga.* 712 (151 S. E. 340, 71 A. L.R. 271); *Bowers* v. *Dolen*, 187 *Ga.* 653 (1 S. E. 2d, 734); *Fulmer* v. *Wilkins*, 201 *Ga.* 322 (39 S. E. 2d, 405). And such a judgment, when obtained in consequence of fraud, is void and may for that reason be set aside in a court of equity. *McGahee* v. *McGahee*, 204 *Ga.* 91 (48 S. E. 2d, 675); *Johnson* v. *Bogdis*, 205 *Ga.* 535 (54 S. E. 2d, 620). In other words, a suit in equity, with proper parties, to set aside a judgment rendered by a court of ordinary in a year's support proceeding, in consequence of fraud, is a direct and not a collateral attack upon the judgment, as the plaintiff in error here contends. *Johnson* v. *Bogdis*, supra.

The Code § 37-219, declares: "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." It is argued here that the allegations of the petition in the instant case are not sufficient to show that Mrs. Hogg's judgment for a year's support was obtained by fraud, and that the judgment overruling the defendant's demurrer thereto is for that reason erroneous. We do not agree. "Fraud may be consummated by signs or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another." Code § 37-705. Actual fraud consists in any kind of artifice by which another is deceived, and constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. Code, § 37-702. And actual fraud and constructive fraud are both legal fraud. *Southeastern Greyhound Lines* v. *Fischer*, 72 *Ga. App.* 717 (34 S. E. 2d, 906). It is said in 15 R.C.L. 765: "One of the most frequently recurring forms of fraud on the part of one litigant against the other, entitling the latter to relief in equity against the judgment finally entered, is the making of some agreement or representation for the purpose of preventing an appearance or defense in the original action and reliance upon which has had the effect intended." Applying these rules in the instant case, it is enough, we think,

to say that the allegations of the petition, which fully appear in our statement of the facts, are sufficient to show that Mrs. Hogg's judgment for a year's support was obtained by fraud.

Generally equity will grant no relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could, by the exercise of proper diligence, have prevented the entering of such a judgment. *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61); *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167); *Beavers* v. *Cassells,* 186 *Ga.* 98 (196 S. E. 716). But the above rule is not applicable where a confidential or fiduciary relationship exists between the parties. Code, § 37-707; *Crump* v. *Crump,* 140 *Ga.* 318 (78 S. E. 1066); *Ellis* v. *Hogan,* 147 *Ga.* 609 (95 S. E. 4); *Johnson* v. *Bogdis,* supra. In the present case, the plaintiff, as son of the defendant and because of that relation, had a right to rely implicitly upon his mother's representations and agreements respecting the administration of his father's estate, and consequently was not required to anticipate or watch for fraud insofar as she was concerned. In principle, this case is controlled by *Ellis* v. *Hogan,* supra, where it was held: "Where the head of a family died intestate, leaving a widow and three adult children by a former marriage as his sole heirs at law, and an estate consisting principally of two separate improved city lots of nearly equal value; and where the children, who were shown to be upon friendly terms with the stepmother, informed her fully of her right to a year's support and of her legal rights in the estate, and suggested a friendly division of the estate, without administration, proposing that she take one city lot and they the other, and she requested time to consider the proposition, agreeing and promising to let the children know her decision as soon as she made up her mind about the matter, upon which promise the children relied, the peculiar circumstances of the case created a duty on the stepmother to advise the children of her decision concerning a division of the estate. Accordingly, where, in violation of such agreement and without notice to the children, other than the publication of a citation to show cause as required by the statute, the widow procured the court of ordinary to set apart to her the whole of the estate for a year's support, a court of equity, on an appropriate application

timely made, will set aside the judgment for year's support for fraud in its procurement."

For the foregoing stated reasons, the trial judge properly overruled the demurrer to the petition; to put it differently, the allegations of the petition were sufficient to state a cause of action for the relief prayed.

*Judgment affirmed. All the Justices concur.*