## 27841. MADDOX et al. v. WHEELER et al.

Nichols, Justice. This is an appeal from a judgment granting a summary judgment and dismissing a complaint in the superior court seeking to enjoin the executor of an estate from changing or disposing of the assets of such estate, and seeking to have the executor and legatees under such will declared trustees ex maleficio for the use and benefit of beneficiaries under a former will of the testatrix. The complaint alleges undue influence on the part of the defendants in securing the execution of a probated will and lack of mental capacity to make a will at the time of its execution by the testatrix, as well as a lack of knowledge on the part of the plaintiffs that they were beneficiaries under a previous will in time to file a caveat to the probate of the will attacked. The motion for summary judgment was based upon the pleadings only. *Held:*

" 'The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner.' Code § 37-219. 'In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law.' [Code] § 37-701. Under these well established principles, this court has many times held that judgments of courts of ordinary may be set aside by a court of equity, in a direct proceeding for that purpose, on the ground that they were procured by fraud. *Fulmer v. Wilkins,* 201 Ga. 322 (39 SE2d 405); *Lester v. Reynolds,* 144 Ga. 143 (2) (86 SE 321); *Neal v. Boykin,* 129 Ga. 676 (1) (59 SE 912, 121 ASR 237)." *Johnson v. Bogdis,* 205 Ga. 535, 539 (54 SE2d 620).

No fraud is alleged in regard to the procurement of the judgment probating the will in solemn form, but fraud

is alleged in procuring the execution of the will. Under such circumstances, the superior court is without jurisdiction.

The Superior Court of Fulton County was without jurisdiction of the subject matter and the judgment which dismissed the appellants' complaint shows no reversible error. See Code § 24-1901 (1); *Benton v. Turk,* 188 Ga. 710 (4 SE2d 580); *Caldwell v. Miles,* 228 Ga. 177 (184 SE2d 470).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1973 — DECIDED MAY 10, 1973.

*W. M. Matthews, Jr.,* for appellants.

*R. Pruden Herndon, Margaret Hopkins,* for appellees.