HENRY SHACKLETT, plaintiff in error, *vs.* WILLIAM A. RANSOM, defendant in error.

1. Under the act of 1853, which is still of force, in relation to warranties in deeds made by trustees, a deed made by A B, trustee of C D, and so signed, and containing a warranty of title, does not bind the trustee personally, nothing appearing in the deed clearly showing such intent.

2. When there was an application to the chancellor by a trustee for leave to sell real estate belonging to the trust estate, and it was stated in the petition that the trustee had been offered $7,000 00 for the property by one A B, and this was a fair offer, and the chancellor passed the following order: "Read and sanctioned; the petitioner has leave to sell:"

*Held,* that a *private sale* to A B for $7,000 00 was a lawful sale under the order.

3. Though the court below may err in the admission of evidence, and in its charge, yet if the verdict be required by the evidence, this court will not grant a new trial.

Warranty.   Deeds.   Trusts.   Sales.   New trial.   Immaterial error.   Before Judge UNDERWOOD.   Floyd Superior Court.   July Adjourned Term, 1874.

Shacklett brought suit by attachment against Ransom for breach of the following warranty:

"And the said William A. Ransom, trustee, his heirs, executors, administrators, and successors in said trust, the said lands unto the said Henry Shacklett, his heirs, executors, administrators and assigns, against the said William A. Ransom, trustee, and his successors, and his heirs, executors, and administrators, and all and every other person, shall and will warrant and forever defend, by virtue of these presents.

"In witness whereof, the said William A. Ransom, trustee, hath hereunto set his hand and affixed his seal, the day and year first above written.

(Signed)     "WILLIAM A. RANSOM,<br>"Trustee for Sarah Ransom.

"Signed, sealed and delivered in
    presence of:
"J. W. H. UNDERWOOD,
"C. H. SMITH, Notary Public."

The defendant pleaded the general issue.

The evidence presented the following facts:

The warranty was made as stated in the declaration.   The deed containing the same was executed under authority of an order of the chancellor based on a petition of the trustee, in which he alleged that on December 30th, 1862, in consideration of love and affection, he had title made to him in trust for his wife, Sarah Ransom, to certain lands which he had purchased with his own money; that he was offered by the plaintiff a satisfactory price for said property, to-wit: $7,000 00, and he desired to sell and reinvest in more desirable lands; that he therefore asked leave of the chancellor to sell and reinvest. Upon which was indorsed the order above referred to, as follows:

"At Chambers, April 17th, 1863.

"Read and sanctioned. The petitioner is hereby authorized to sell the lands named, and to reinvest the proceeds in other lands, and make return to the clerk of the superior court of Floyd county, and that said return be entered of record.

(Signed)    "Lucius H. Featherston, j. s. c."

The land was sold under an execution against Ransom's vendor, and the plaintiff evicted.

The court charged the jury as follows:

"1st. Before you can find for the plaintiff, it must appear to you from all the evidence in the case, that the defendant, in executing the deed, as trustee, intended to bind himself personally by the warranty. In order to ascertain the intention, you should look at and consider the words of the deed and their legal construction, as stated to you, and all the other proof and evidence in the case, and the technical construction of the words in the deed may be overcome, if the proof in the case shows them to be incorrect.

"2d. If the proof shows that Gibbons was the agent of the plaintiff to negotiate and make the trade, pay the money and receive the deed, and his attention was called to the judgment lien on the property which sold it and evicted the plaintiff, this was a patent defect or incumbrance on the property, and the warranty does not cover this, if it was intended by the parties that the warranty should not extend to this lien, or, in other words, unless it is made to appear from all the proof that a warranty was intended to be made to protect the purchaser against that lien."

To both of these charges the plaintiff excepted. Exceptions were also taken to various rulings of the court on the admission of testimony, immaterial here.

The jury found for the defendant. The plaintiff moved for a new trial based upon the above exceptions. The motion was overruled, and he assigns said judgment as error.

Dabney & Fouche, for plaintiff in error.

ALEXANDER & WRIGHT, for defendant.

McCAY, Judge.

1. It is doubtless true, as was decided by this court in 3*d Georgia*, 383, and 11*th Ibid.*, 1, that at common law the deed made by Ransom, as trustee, would, in its warranty clause, bind the maker of it personally ; as he could not bind the trust estate, the law would charge him personally with the covenant. But by our act of 1853 this common law rule is changed, and it is provided that in deeds made by executors, administrators, trustees, etc., any warranty therein shall not bind the executor, trustee, etc., personally, unless it be plain from the deed itself that such was the intention of the parties. Some question was made on the argument that this act does not, in terms, apply to trustees. But the title of the act so declares, and whilst it is true that the word trustees is left out at one place in the act, it recurs again in it in the latter clause. Taking the whole act together, it is plain to us that the intent was not only to change this common law rule but, in terms, to make the change apply to trustees as well as to executors, administrators and sheriffs. It is said again that the Code contains no declaration of this new rule as to trustees. But we are of the opinion, that in construing the Code on this subject, we are to remember that its main object was to codify the law, and that all the old law is of force that is not inconsistent with the Code. There is nothing in the Code on the subject of trustees inconsistent with this act of 1853. The Code does not pretend to codify all rules of law of force in this state as to trustees, and as this provision of the act of 1853 is not at all contrary to anything in the Code, we see no reason for holding that the act of 1853 is not of full force as to trustees. At the last term, we held that the act of 1831, Cobb's Digest, 531, authorizing a second sale by executors, administrators, sheriffs, etc., when a bidder at a first sale failed to comply, was still of force as to executors, administrators, etc., though in the Code the provision is only in terms applied to

sheriffs. This act of 1853 included all these legal trustees—express trustees. The Code treats these several subjects separately, and declares many of the duties of each in chapters devoted to each. But neither of these chapters purports to be exhaustive. A fair rule, in such a case, is to treat the old law, whether statutory or whether common law, as still of force, unless inconsistent with the provisions of the Code. Under this rule of construction it follows that the act of 1853 is of force as to all the classes to which it applies.

2. But it is said that the act of 1853 only applies to deeds made by executors, under *lawful* sales. This is undoubtedly true. The question then arises, whether the sale under which this deed was made was a lawful sale. Section 2328 of the Code provides that trustees' sales shall be at public sale, unless the authority for the sale otherwise provides. In this case there was a petition to the chancellor setting forth the nature of the trust and a statement that the sale was desirable; that the present plaintiff had offered $7,000 00 for the land; that this was a fair price, and asking leave to make the sale. The chancellor thereupon passed the following order upon the petition: "Read and sanctioned. The petitioner is hereby authorized to sell the land and reinvest the proceeds," etc. It is our judgment that this order, "read and sanctioned," etc., in view of the facts set forth in the petition, and the prayer it contained, was an authority to sell to Shacklett at private sale for $7,000 00. In no other way could the prayer be attained. If the sale were at public sale to the highest bidder, the property might bring less. This court held, in the case of *Maddox vs. Eberhart*, 38 *Georgia*, 581, that under the will giving the executor power to sell or *exchange* the lands of the testator, the executor had power to sell at private sale, since, by the use of the word exchange, which could not be done at public sale, the power of private sale was included. It was contended in the argument that the sale was not a lawful one, because the trustee's name was not signed to the petition. This was clearly a mere clerical error. It was in proof that the petition was made at his instance, and he acted upon it,

and he would be estopped from denying it. For these reasons we affirm the judgment refusing a new trial. If these principles be true, the verdict is right. The defendant is not liable.

3. We do not affirm some of the rulings of the court at the trial. The parol evidence was only admissible on the ground of ambiguity in the deed. We do not think the deed ambiguous. True, the trustee does not say, in terms, that he is acting *as* trustee. But taking the deed altogether, no fair mind can fail to see that it was his intent to act as trustee. He describes himself "trustee of Mary Ransom," and he so signs himself. Under our law, the form in which an agent executes his authority is immaterial. It is enough if it plainly appears that it was the intent to act as agent: Code, section 2195. We do not agree with the judge in his ruling as to patent defects; that rule only applies to personal property. Nor do we believe a case or a dictum can be found applying it to patent defects in the *title* to either real or personal property. But as the defendant was, under the evidence, entitled to a verdict, on the ground that he was not liable personally on the warranty at all, we will not grant a new trial. These errors of the judge did the plaintiff no harm.

Judgment affirmed.