STATE HIGHWAY BOARD *et al. v.* PRICE *et al.*

No. 8429. JANUARY 14, 1932.

*W. C. Brinson, A. L. Hatcher,* and *Albon L. Hatcher,* for plaintiffs in error.

*J. L. Kent,* contra.

BECK, P. J. Frank Price and Alden Price brought their petition against the State Highway Board of Georgia and others, seeking injunction and other relief. The defendants filed a demurrer, on which the court passed the following order: "Upon the consideration of the demurrer, it is admitted by all parties that the only question to be passed upon is, whether S. M. Price had the power under the will attached to the petition, and whether he exercised the power, in conveying to the Highway Board. After considering the same the demurrer is overruled, and the petitioners be allowed to proceed to assess their damage, if they are entitled to the same." To this judgment the defendants excepted.

It is alleged that the Highway Board and the other defendants named "claim the right to go and take petitioners' land by virtue of a deed from S. M. Price to the State Highway Board." Nancy A. Price, the wife of S. M. Price, the grantor in the deed referred to, while in life and owning the land over which the highway is being constructed, made a will in which she devised the land to

S. M. Price during his life, and "at his death" to be divided among her living heirs. S. M. Price was named as executor in the will. Nancy Price died in 1926. After the testatrix had devised to her husband a life-estate in the land referred to, her will provided: Item 4. "I authorize and direct that in the event my husband should at any time before his death desire to dispose of any of said property by sale or otherwise, that he have and is hereby given the right to do so without any order of court, it being my desire that all my realty be held together by my said husband his lifetime and not to be disposed of unless it become necessary, in the judgment of my said husband, to do so." Item 5. "It is my desire that my property as aforesaid belong to my husband his lifetime, with right of disposition as above directed; that at his death all or what part may be by him undisposed of to be equally divided, as above directed, between my children." Item 6. "I hereby name, constitute, and appoint my husband, S. M. Price, my sole executor of this my last will and testament, and I expressly confer upon him power as such to administer my estate, excusing him from giving bond or making any returns to the ordinary; and I expressly confer upon him full authority and power to sell any part of my estate that he may deem necessary, at public or private sale, as he may deem best, without notice and without any order of court, making good and sufficient title to same to any purchaser." On April 19, 1928, S. M. Price executed a warranty deed in fee simple, conveying, in consideration of $1, to the Highway Board of Georgia and their successors in office "so much land as to make a right of way for said road, as surveyed and as shown on said map, 100 feet wide, or as shown by description below." Here follows a description of the strip of land. Certain privileges are granted by the deed relating to drainage, the taking of sand and material for the construction of the highway, etc. This instrument was signed "S. M. Price (L. S.)," and executed with all the formalities usually accompanying the execution of a deed. There is no reference to the will of Mrs. Nancy A. Price or to the power of sale contained therein.

The only question arising for adjudication, as the case stands before us, is whether the instrument thus executed by Price conveyed the title to the land to the Highway Board, in view of the terms of the will of Mrs. Price. Of course the deed conveyed to

the grantee all of the interest that Price himself owned; but his interest in the land terminated at his death, for he was merely a life-tenant. But we are of the opinion that the authority given him in the will to dispose of the property "by sale or otherwise" did not authorize him to make this conveyance for the consideration recited in the deed. In the case of *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53), where a will containing a provision very similar to that contained in the will under consideration was for construction, it was said: "The mere lodgment of a discretionary power of sale in an executor can not be exercised to destroy an essential quality of the estate devised to devisees under the will, when there are no debts of the testator to be paid, and no necessity of sale for the purpose of division among the devisees. This power of sale was given the executrix for administrative purposes alone; and the same can not be exercised by her unless such purposes require a sale." In *Thomas* v. *Owens,* 131 *Ga.* 248 (62 S. E. 218), it was said: "The mere lodgment of a discretionary power of sale in an executor can not destroy an essential quality of the estate in fee of a devisee, where there are no debts or necessity of sale. Moreover the power of sale is in the original will, and, as we have said elsewhere, was conferred for the purpose of administering the estate in the usual and ordinary way." And in *Taylor* v. *Phillips,* 147 *Ga.* 761 (95 S. E. 289), it was held: "Where a grantor conveys land to a trustee 'to suffer and permit' the grantor and his family 'to use and occupy the same as a residence, or to rent out the same during the natural life of' the grantor and his wife, 'and, at the death of the survivor, to be equally divided between the children of' the grantor, 'living at the time of the death of the survivor, the representatives of a child taking the share to which its deceased parent would have been entitled,' and the deed directs that the trustee 'shall, upon the written request of' the wife of the grantor, 'sell and convey the said lots and premises to such person and on such terms as she may direct, and the receipt of the' wife 'for the said purchase-money shall be a complete discharge of the said' trustee 'of all liability for the same,' the power so conferred upon the trustee contemplates only a bona fide and valid sale upon a sufficient valuable consideration, and does not authorize the trustee to make, at the written request of the wife, a sale or conveyance of the land as a gift, or upon a nominal consideration." The quo-

tation is the syllabus in that case, but Mr. Justice Atkinson, in an elaborate opinion, fully discussed the subject there involved.

In view of what is said above and the rulings made in the decisions by this court upon questions similar to that here, we are of the opinion that the power conferred upon the executor in Mrs. Price's will, contemplated only a bona fide and valid sale upon a sufficient valuable consideration, and did not authorize the trustee to make a sale or a conveyance of the land "as a gift, or upon a nominal consideration." And in this case the transfer of the land was a gift, or a sale upon merely a nominal consideration. It is not necessary to go into the question as to whether or not the making of the deed in question was in execution of the powers contained in the will. It follows that the court did not err in overruling the demurrer. *Judgment affirmed. All the Justices concur.*