### 20121. HARRISON *et al.* v. HARRISON *et al.*

HAWKINS, Justice. 1. Under the allegations of the petition, which, on demurrer, must be taken as true, the fiduciary relationship of principal and agent existed between the petitioner and the defendant Alton W. Harrison (Code § 37-707), and the latter cannot make advantage or profit for himself out of the relationship to the injury of his principal. Code §§ 4-205 and 37-708; *Forlaw* v. *Augusta Naval Stores Co.,* 124 *Ga.* 261, 262 (6) (52 S. E. 898). Because of such relationship, the petitioner was justified in relying upon the representations

of her agent and in failing to read and know the contents of the various deeds signed by her. *Crosby* v. *Rogers*, 197 *Ga.* 616 (2), 622 (30 S. E. 2d 248). " 'The relationship of principal and agent, being confidential and fiduciary in character, demands of the agent the utmost loyalty and good faith to his principal. Any breach of this good faith whereby the principal suffers any disadvantage and the agent reaps any benefit is a fraud of such nature as to preclude the agent from taking or retaining the benefit.' " *Johnson* v. *Sherrer*, 197 *Ga.* 392, 396 (29 S. E. 2d 581). See also *Jordan* v. *Harber,* 172 *Ga.* 139 (157 S. E. 652) ; *Jones* v. *Hogans*, 197 *Ga.* 404 (29 S. E. 2d 568) ; *Brown* v. *Brown*, 209 *Ga.* 620 (75 S. E. 2d 13). The numerous decisions cited by counsel for the plaintiffs in error to the effect that a party who can read must read, and that fraud which will relieve a party who can read must be such as prevents him from reading, apply to situations where the parties are dealing with each other at arm's length, and have no application to a situation such as that disclosed by the present petition, where the confidential and fiduciary relation of principal and agent is involved.

2. In Ralston *v.* Turpin, 129 U. S. 663, 675 (9 Sup. Ct. 420, 32 L. ed. 747), it is said: "It is for the common security of mankind . . . 'that gifts procured by agents, and purchases made by them, from their principals, should be scrutinized with a close and vigilant suspicion.' " See also Code § 48-107, which provides that a gift by any person to one standing in a relationship of confidence "shall be scrutinized with great jealousy, and, upon the slightest evidence of persuasion or influence toward this object, shall be declared void at the instance of the donor or his legal representative, at any time within five years after the making of such gift."

3. Item 8 of the will of Boykin Harrison provided: "I expressly confer upon them [the executors] full and complete power to sell any part of my estate, not hereinbefore specifically devised, at public or private sale, with or without notice, and without any order of court, as they may deem best, with authority to make good and sufficient conveyances to the purchasers, holding the proceeds of any such sale to the same uses and trusts as are herein declared in this my last will." Such power of sale contemplates only a bona fide and valid sale upon a sufficient valuable consideration, and

does not authorize the executors to make a sale or conveyance of the land as a gift, or upon nominal consideration. *Taylor* v. *Phillips*, 147 *Ga.* 761 (95 S. E. 289); *Cochran* v. *Groover*, 156 *Ga.* 323 (118 S. E. 865); *State Highway Board* v. *Price*, 174 *Ga.* 143 (162 S. E. 283).

4. The petition in this case alleged that the defendant Alton W. Harrison, as agent, had exclusive control of the assets and handling of all of the affairs of the Boykin Harrison Estate and of Mrs. Annie Mae Harrison; that he used petitioner's individual money in the estate affairs and for his own use; that he wrongfully appropriated to his own use the estate funds and funds of petitioner amounting to several thousand dollars; that he sold property, including bank stock belonging to petitioner, and never turned over to her the proceeds thereof; that he wrote checks on petitioner's personal account and used the proceeds for himself; that he kept all books and records pertaining to such transactions, and petitioner was denied access to them. Such allegations were sufficient to state a cause of action for accounting as against a general demurrer. Code §§ 37-105, 37-301, and 37-302; *Southern Feed Stores* v. *Sanders*, 193 *Ga.* 884 (20 S. E. 2d 413), and cases there cited.

5. While Code § 4-401 provides that "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, without more, shall be the individual undertaking of the maker, such words being generally words of description," in this case the deeds involved were not signed by the persons whose names were affixed thereto followed by the word "executor" *without more*. The grantor named in each of them was "B. Harrison Estate," or "Estate of Boykin Harrison . . . of the First Part," and was thereafter referred to in the deeds as party of the first part. The deeds were signed "Estate of Boykin Harrison (L. S.), B. F. Harrison (Executor) (L. S.), Mrs. Annie Mae Harrison (Executrix) (L. S.)." Thus, considering all the language of the deeds, they are deeds by the executors of the estate in their official capacity, and purport to convey properties belonging to the estate, and are not the personal deeds of the individuals designated as executors. Code § 113-1713; *Shacklett* v. *Ransom*, 54 *Ga.* 350 (1); *Cocke* v. *Bank of Dawson*, 180 *Ga.* 714 (180 S. E. 711). It was not error to sustain the plaintiff's demurrer to the defendants' answer alleging that the petitioner executed the deeds in her individual capacity.

6. Under the foregoing authorities, the plaintiff's petition stated a cause of action, and the trial judge did not err in overruling the general demurrers thereto.

*Judgment affirmed.  All the Justices concur.*

ARGUED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958 —
REHEARING DENIED OCTOBER 10, 1958.

*Gainey & Gainey, Cain H. Smith,* for plaintiffs in error.
*Bell & Baker, Altman & Johnson,* contra.