**Patsy L. FASANARO, as Administratrix of the Estate of Matteo V. Fasanaro, decedent, Plaintiff,**

v.

**MOONEY AIRCRAFT CORPORATION; Teledyne Continental Motor Company; and Does One through Thirty, inclusive, Defendants.**

**No. C–86–6027 DLJ.**

United States District Court, N.D. California.

Jan. 8, 1988.

As Amended Jan. 13, 1988.

Gerald C. Sterns with the Law Firm Sterns, Walker & Grell, San Francisco, Cal., for plaintiff.

Terence F. Young with the Law Firm Marron, Reid & Sheehy, San Francisco, Cal., for defendants.

ORDER RE: MOTION IN LIMINE

JENSEN, District Judge.

I.

Defendant Mooney Aircraft Corporation ("Mooney") has filed a Motion *in limine* for exclusion of evidence of subsequent remedial measures. The Motion was heard on November 18, 1987. Plaintiff appeared through counsel Gerald C. Sterns. Mooney appeared through counsel Terence F. Young and Scott W. Pink. After considering the memoranda and other documents submitted, as well as the oral arguments of counsel, the Motion is GRANTED in part and DENIED in part.

**483**

II.

Plaintiff Patsy L. Fasanaro originally brought this products liability action in California state court in 1982 on behalf of the estate of her husband who was killed while piloting an M20K aircraft designed and manufactured by Mooney. After plaintiff voluntarily dismissed several Doe defendants, Mooney removed the action to this Court on October 20, 1986 under 28 U.S.C. § 1441 (1982). The claims arise under California state law, and jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332 (1982).

Subsequent to the accident Mooney took a number of remedial measures, including (1) changing the location of the alternate air door; (2) changing the air door from manual activation to automatic activation; (3) changing the Pilot's Operating Handbook re: induction icing and engine restart procedures; (4) making recommendations to pilots regarding the maintenance and operation of the M20K; (5) pressurizing the Magnetos; and (6) undertaking testing of the alternate air door, engine induction, and engine restart on the M20K.

Mooney now moves for exclusion of this evidence under Rule 407 of the Federal Rules of Evidence.[1] Rule 407 provides in pertinent part that "[w]hen, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measure is not admissable to prove negligence or culpable conduct in connection with the event." F.R.Evid. 407. Plaintiff raises several arguments in opposition to this Motion. First, that under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court should apply CAL.EVID.CODE § 1151 (the state equivalent of Rule 407), which would allow admission of this evidence. Second, that the evidence is admissable on the issue of contributory negligence and for impeachment. Finally, she argues that the post-accident tests are not within the scope of Rule 407. The Court

1. Mooney also argues for exclusion under Rule 401 (Relevance) and Rule 403 (Probative Value Outweighed by Possibility of Unfair Prejudice). The Court does not reach these arguments.

will address each of these arguments in turn.

### III.

■ The *Erie* question arises from the opposite conclusions of the California Supreme Court and the United States Court of Appeals for the Ninth Circuit concerning the admissability of subsequent remedial measures in products liability cases. In *Ault v. International Harvester Co.*, 13 Cal.3d 113, 117 Cal.Rptr. at 812, 528 P.2d 1148 (1974), the California Supreme Court held that the policy considerations which underlie CAL.EVID.CODE § 1151 are inapplicable in actions founded on strict liability and that therefore the Rule does not apply in such cases. *Id.* at 120, 117 Cal.Rptr. at 816, 528 P.2d at 1148. However, in *Gauthier v. A.M.F., Inc.*, 788 F.2d 634 (9th Cir.1986), the Ninth Circuit rejected *Ault's* conclusion and chose to follow the "overwhelming trend in the federal courts ... to exclude evidence of subsequent remedial measures in products liability cases." *Id.* at 637.[2] Therefore, if this Court applies the federal rule the evidence will be excluded; if it applies the California rule the evidence will not be excluded as subsequent remedial measures.

### A.

The starting point in this Court's discussion is *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in which the Supreme Court held that federal courts are constitutionally obligated to apply the substantive rules of decision prescribed by state law. Four years later, in *Sibbach v. Wilson & Co., Inc.*, 312 U.S. 1, 7, 14, 61 S.Ct. 422, 423, 426–27, 85 L.Ed. 479 (1941), the Court articulated the distinction between rules of "substance" and "procedure," holding that while federal courts are to apply state substantive law in diversity cases, they are to do so in accordance with federal procedural law. Over the next quarter-century in a series of cases culminating in *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1143–44, 14 L.Ed.2d 8 (1965), the court recognized the difficulty of the *Sibbach* test, remarking that "[t]he line between 'substance' and 'procedure' shifts as the legal context changes." Thus, the Court concluded that many legal rules should be seen as "falling within the uncertain area between substance and procedure ... rationally capable of classification as either." *Id.* 380 U.S. at 472, 85 S.Ct. at 1144.

When, in a diversity case, a federal court is faced with a question of the applicability of such a rule over a contrary state provision, the court is to apply the two-step test of *Hanna*, reiterated in *Walker v. Armco Steel*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed. 2d 659 (1981). Under that test, the court first asks whether the federal rule directly covers the situation before it. If not, the court then evaluates the choice of law in light of the policies underlying the *Erie* doctrine. *Hanna*, 380 U.S. at 471, 85 S.Ct. at 1143–44. If, on the other hand, the court at the first step finds that the situation *is* covered by a Federal Rule, then the test becomes whether the enactment of the Rule was within the power of Congress, and the Supreme Court through the Rules

---

**2.** Several Circuits have held that Rule 407 applies in strict liability cases. *See, e.g., Cann v. Ford Motor Co.*, 658 F.2d 54, 59–60 (2d Cir. 1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982); *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir.1982); *Werner v. Upjohn Co.*, 628 F.2d 848, 857 (4th Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 804 (1981); *Grenada Steel Industries v. Alabama Oxygen Co.*, 695 F.2d 883, 886–87 (5th Cir.1983); *Hall v. American Steamship Co.*, 688 F.2d 1062, 1066–67 (6th Cir.1982); *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 469 (7th Cir.1984). *See also Roy v. Star Chopper Co.*, 584 F.2d 1124, 1134 (1st Cir.1978), *cert. denied*, 440 U.S. 916, 99

S.Ct. 1234, 59 L.Ed.2d 466 (1979) (ct. sitting in diversity applied Rule 407 in products liability case, but did not discuss issue).

The Eighth Circuit's position is unclear. *Compare Robbins v. Farmers Union Grain Terminal Association*, 552 F.2d 788, 793 (8th Cir. 1977) (adopting logic of *Ault*) *with DeLuryea v. Winthrop Laboratories*, 697 F.2d 222, 228–29 (8th Cir.1983) (appearing to narrow *Robbins*). The Tenth Circuit is alone in its unequivocal holding that Rule 407 does not apply in strict liability cases. *See, e.g., Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917, 932 (10th Cir.1984).

Enabling Act.[3]

## B.

Three federal courts have addressed the question of whether Rule 407 should be viewed as substantive or procedural in nature. In both *Flaminio v. Honda Motor Co., Ltd.*, 733 F.2d 463 (7th Cir.1984), and *Rioux v. Daniel International Corp.*, 582 F.Supp. 620 (D.Me.1984), the courts found that Rule 407 could be rationally classified as procedural, thus triggering application of the *Hanna* test.[4] In each case the court went on to conclude that Rule 407 should be applied over the contrary state provision.[5] Only the Tenth Circuit, in considered dictum in *Moe v. Avions Marcel Dassault–Breguet Aviation*, 727 F.2d 917 (10th Cir.1984), has taken a different view. There the court classified Rule 407 as purely substantive: "The purpose of Rule 407 is not to seek the truth or to expedite trial proceedings; rather, in our view, it is one designed to promote state policy in a substantive law area." *Id.* at 932. Consequently, the court concluded that under the *Erie* doctrine the state provision should have been applied by the district court.[6]

Because there is no Ninth Circuit authority directly on point[7] this Court has considered the reasoning of these cases from other federal courts and finds the majority position to be persuasive. As stated by Judge Posner in *Flaminio*, the rationale adopted by the *Moe* court "overlooks the fact that the substantive judgment that underlies Rule 407 is entwined with procedural considerations." 733 F.2d at 463. For example, the Advisory Committee Notes specifically reflect a congressional judgment that juries will make the error of treating subsequent remedial measures as admissions of fault, when "[t]he conduct is not in fact an admission, [but] is equally consistent with injury by mere accident or through contributory negligence." FED.R. EVID 407 advisory committee's note. This concern that juries will place undue emphasis upon the evidence clearly reflects a desire to insure the accuracy of the truth-finding process. Likewise, if courts are to allow evidence of subsequent remedial measures, they must also allow defendants the opportunity to rebut that evidence. This would slow down the trial process and lead to a mini-trial of issues tangential to the actual dispute. Thus, the Rule can also

---

**3.** Of course, *Hanna* was concerned with the validity of Rule 46(b)(1) of the Federal Rules of Civil Procedure, which were enacted by the Supreme Court under power granted to it by Congress in the Rules Enabling Act, 28 U.S.C. § 2072 (1982). Because the Federal Rules of Evidence were enacted *directly* by Congress, the only question here is one of congressional power. *See, e.g., Rioux v. Daniel International Corp.*, 582 F.Supp. 620, 625 (D.Me.1984).

**4.** Although the Ninth Circuit has not explicitly addressed this question, it seems to have implicitly recognized that the Federal Rules of Evidence are rationally capable of classification as procedural. *See Gibbs v. State Farm Mutual Ins. Co.*, 544 F.2d 423, 428 n. 2 (9th Cir.1976). In that case, however, the court noted that there was no conflict between the federal and state rule, and thus had no occasion to fully consider the question.

**5.** Commentators concur in the assessment of Rule 407 as rationally capable of classification as procedural. *See, e.g.,* C. Wright, A. Miller & E. Cooper, 19 *Federal Practice and Procedure* § 4512 at 192–93 ("[A]ll of the Evidence Rules can rationally be viewed as rules of procedure ...").

**6.** The court, however, went on to recognize that the application of Rule 407 constituted harmless error and unanimously affirmed the district court despite its application of the rule. Judge McKay concurred, but did not join in the majority's analysis of the *Erie* question. *Moe*, 727 F.2d at 936 (McKay, J., concurring).

**7.** In *Gauthier v. A.M.F., Inc.*, 788 F.2d 634 (9th Cir.1986), the Ninth Circuit upheld the application of Rule 407 in a strict liability case founded upon diversity jurisdiction in the District of Montana. However, the *Gauthier* court did not discuss the issue of whether to apply FED.R. EVID. 407 or the relevant Montana provision on subsequent remedial measures, MONT. CODE ANN. § 26–10–407.

The Montana rule is patterned after, and is identical to, Federal Rule 407. Subsequent to *Gauthier*, the Montana Supreme Court held that the state rule *is* applicable in strict liability cases. *See, e.g., Rix v. General Motors Corp.*, 723 P.2d 195, 203 (Mont.1986). Given this background, the Court presumes that the Ninth Circuit was not faced with the *Erie* question presented here. Therefore, the Court proceeds with an independent analysis, although its ultimate holding is consistent with *Gauthier*.

be justified as reflecting the procedural goal of judicial economy.

In the Court's view, Rule 407 can rationally be classified as procedural. Therefore the Court considers whether the present situation is covered by Rule 407, and concludes that the answer is yes. Rule 407 is directly on point; plaintiff seeks to introduce evidence of subsequent remedial measures, and the rule prohibits such evidence. Faced with a Federal Rule which is controlling, this Court's analysis is limited to whether Congress had power to enact the Rule.

> When a situation is covered by one of the Federal Rules, the question facing the Court is a far cry from the typical, relatively unguided *Erie* choice: the Court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor Constitutional restrictions.

*Hanna*, 380 U.S. at 471, 85 S.Ct. at 1144.

It is beyond dispute that Congress has power under the necessary and proper clause of Article I to enact rules to govern the proceedings in Article III courts. *See, e.g., Walker*, 446 U.S. at 748, 100 S.Ct. at 1984. The Federal Rules of Evidence fall within this category. *See, e.g., Flaminio*, 733 F.2d at 463; *see also* C. Wright, A. Miller and E. Cooper, *supra*, § 4512 at 192–93 (Federal Rules of Evidence are "clearly Constitutional"). Plaintiff has constructed an interesting argument based on the policies underlying the *Erie* doctrine. But the issue before this Court is not a matter of discretion. Where, as here, the Federal Rule is directly on point, *Hanna* directs this Court to apply it. Accordingly, the Court concludes that FED.R. EVID. § 407, and not CAL.EVID.CODE § 1151, is applicable.

### IV.

▮ Plaintiff also seeks to invoke the provision of Rule 407 that it "does not require the exclusion of evidence of subse-

quent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." FED.R.EVID. 407. She argues that the present evidence should be admitted to refute Mooney's defense of contributory negligence, as well as for impeachment. The Court finds these arguments unpersuasive.

Plaintiff's attempt to phrase her argument for introduction of this evidence as a rebuttal of Mooney's contributory negligence defense is purely semantic. She argues that the aircraft engine stalled due to induction icing, and states that "[e]ach of these remedial measures supports plaintiff's theory that induction icing ... caused the series of failures that sent the Mooney 231 plummeting to the ground." *Plaintiff's Memorandum*, at 12. Yet plaintiff alleges that the engine failure was caused by Mooney's negligence. *Complaint*, Second Cause of Action, ¶ IV. In other words, she argues that the decedent was not contributorily negligent because the defendant *was* negligent. Under Rule 407 evidence of subsequent remedial measures is not admissable to show negligence.

Plaintiff also argues for admission for the purpose of impeaching defendant's witnesses. This argument is premature. Since no witnesses have testified, there is nothing to impeach.

### V.

▮ Finally, plaintiff argues that evidence of testing undertaken by Mooney after the date of decedent's accident is not within the scope of Rule 407. In support of this proposition she cites two cases, *Rocky Mountain Helicopters v. Bell Helicopters*, 805 F.2d 907 (10th Cir.1986), and *Westmoreland v. CBS, Inc.*, 601 F.Supp. 66 (S.D.N.Y.1984). Defendant cites *Alimenta, Inc. v. Stauffer*, 598 F.Supp. 934 (N.D.Ga.1984), for the proposition that post-event tests do fall within the boundary of Rule 407.

In *Rocky Mountain Helicopters*, the Tenth Circuit noted that no federal court had directly addressed the admissability of post-event tests or reports under Rule 407.

805 F.2d at 918. The Court first remarked that only in rare situations could tests be characterized as "measures" within the meaning of the Rule. It then went on to analyze the policy considerations underlying Rule 407, stating that these considerations "are not as vigorously implicated where investigative tests ... are concerned," and that in the post-event test context these considerations are outweighed by the probative value of the evidence offered. *Id.* at 918–19. The *Rocky Mountain* Court thus concluded that "[i]t would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests." *Id.* The *Alimenta* Court, however, appears to have taken an opposite view, concluding that a post-event accounting report fell within the scope of Rule 407 and was therefore inadmissable in a civil fraud suit. 598 F.Supp. at 940.

This Court is of the view that the policy considerations underlying Rule 407 are to some extent implicated in the context of post-event tests, but that it would extend the Rule beyond its intended boundaries to include such tests within its ambit. Post-event tests will not, in themselves, result in added safety. Rather, it is only if the defects revealed in those tests are remedied and changes implemented that the goal of added safety will be furthered. By its terms Rule 407 includes only the actual remedial measures themselves and not the initial steps toward ascertaining whether any remedial measures are called for. The present tests fall within this latter category. Accordingly, the Court finds that they are outside the scope of Rule 407.

## VI.

The Court concludes that Federal Rule of Evidence 407 is applicable to the post-event changes implemented in the design of the M20K aircraft, and that none of the exceptions to that rule has been properly invoked. Accordingly, the Motion to exclude evidence of these subsequent remedial measures is GRANTED. The Court also concludes that Rule 407 is inapplicable to the post-event tests at issue here, and therefore the Motion to exclude them is DENIED.

IT IS SO ORDERED.